UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Horacio David Veliz Montoya, *individually and on behalf of others similarly situated*,

                                  *Plaintiff*,

      -*against*-

Premium Millwork, INC. (d/b/a Premium Millwork) and
Julio Cuenca,

                                  *Defendants.*
------------------------------------------------------------------X

Case No.: 1:20-cv-02475

**ANSWER WITH AFFIRMATIVE DEFENSES**

        Defendants Premium Millwork, Inc. (d/b/a Premium Millwork) and Julio Cuenca (together, the "Defendants"), by and through their undersigned attorneys, Levin-Epstein & Associates, P.C., as and for their answer and affirmative defenses to the Complaint, filed on June 3, 2020 (the "Complaint") of Plaintiff Horacio David Veliz Montoya (the "Plaintiff"), hereby admit, deny and allege as follows:

## NATURE OF ACTION

        1.     The allegations contained in paragraph "1" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "1" of the Complaint.

        2.     The allegations contained in paragraph "2" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "2" of the Complaint.

        3.     The allegations contained in paragraph "3" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "3" of the Complaint.

4. The allegations contained in paragraph "4" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "4" of the Complaint.

5. Defendants deny the allegations contained in paragraph "5" of the Complaint.

6. Defendants deny the allegations contained in paragraph "6" of the Complaint.

7. Defendants deny the allegations contained in paragraph "7" of the Complaint.

8. The allegations contained in paragraph "8" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "8" of the Complaint.

9. The allegations contained in paragraph "9" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "9" of the Complaint.

10. The allegations contained in paragraph "10" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "11" of the Complaint.

## JURISDICTION AND VENUE

11. The allegations contained in paragraph "11" of the Complaint set forth legal conclusions for which no response is required.

12. The allegations contained in paragraph "12" of the Complaint set forth legal conclusions for which no response is required.

## **PARTIES**

*Plaintiff*

13. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13"of the Complaint.

14. Defendants deny the allegations contained in paragraph "14" of the Complaint.

15. No response is required to the statement set forth in paragraph "15" of the Complaint.

*Defendants*

16. Defendants admit the allegations contained in paragraph "16" of the Complaint.

17. Defendants admit the allegations contained in paragraph "17" of the Complaint.

18. Defendants deny the allegations contained in paragraph "18" of the Complaint.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

19. The allegations contained in paragraph "19" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "19" of the Complaint.

20. The allegations contained in paragraph "20" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "20" of the Complaint.

21. The allegations contained in paragraph "21" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "21" of the Complaint.

22. The allegations contained in paragraph "22" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "22" of the Complaint.

23. The allegations contained in paragraph "23" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "23" of the Complaint.

24. The allegations contained in paragraph "24" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "24" of the Complaint.

25. The allegations contained in paragraph "25" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "25" of the Complaint.

26. The allegations contained in paragraph "26" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "26" of the Complaint.

27. The allegations contained in paragraph "27" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "27" of the Complaint.

28. The allegations contained in paragraph "28" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "28" of the Complaint.

*Individual Plaintiff*

29. The allegations contained in paragraph "29" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "29" of the Complaint.

30. No response is required to the statement set forth in paragraph "30" of the Complaint.

*Plaintiff Horacio David Veliz Montoya*

31. Defendants deny the allegations contained in paragraph "31" of the Complaint.

32. The allegations contained in paragraph "32" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "32" of the Complaint.

33. Defendants deny the allegations contained in paragraph "33" of the Complaint.

34. Defendants deny the allegations contained in paragraph "34" of the Complaint.

35. Defendants deny the allegations contained in paragraph "35" of the Complaint.

36. Defendants deny the allegations contained in paragraph "36" of the Complaint.

37. Defendants deny the allegations contained in paragraph "37" of the Complaint.

38. Defendants deny the allegations contained in paragraph "38" of the Complaint.

39. Defendants deny the allegations contained in paragraph "39" of the Complaint.

40. Defendants deny the allegations contained in paragraph "40" of the Complaint.

41. Defendants deny the allegations contained in paragraph "41" of the Complaint.

42. Defendants deny the allegations contained in paragraph "42" of the Complaint.

43. Defendants deny the allegations contained in paragraph "43" of the Complaint.

44. Defendants deny the allegations contained in paragraph "44" of the Complaint.

45. Defendants deny the allegations contained in paragraph "45" of the Complaint.

46. Defendants deny the allegations contained in paragraph "46" of the Complaint.

*Defendant's General Employment Practices*

47. The allegations contained in paragraph "47" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "47" of the Complaint.

48. The allegations contained in paragraph "48" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "48" of the Complaint.

49. The allegations contained in paragraph "49" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "49" of the Complaint.

50. Defendants deny the allegations contained in paragraph "50" of the Complaint.

51. Defendants deny the allegations contained in paragraph "51" of the Complaint.

52. Defendants deny the allegations contained in paragraph "52" of the Complaint.

53. The allegations contained in paragraph "53" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "53" of the Complaint.

54. The allegations contained in paragraph "54" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "54" of the Complaint.

55. The allegations contained in paragraph "55" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "55" of the Complaint.

56. The allegations contained in paragraph "56" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "56" of the Complaint.

57. The allegations contained in paragraph "57" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "57" of the Complaint.

58. The allegations contained in paragraph "58" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "58" of the Complaint.

## FLSA COLLECTIVE ACTION ALLEGATIONS

59. No response is required to the statement set forth in paragraph "59" of the Complaint.

60. The allegations contained in paragraph "60" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "60" of the Complaint.

61. The allegations contained in paragraph "61" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "61" of the Complaint.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

62. No response is required to the statement set forth in paragraph "62" of the Complaint.

63. The allegations contained in paragraph "63" of the Complaint set forth legal conclusions for which no response is required.

64. The allegations contained in paragraph "64" of the Complaint set forth legal conclusions for which no response is required.

65. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the Complaint.

66. The allegations contained in paragraph "66" of the Complaint set forth legal conclusions for which no response is required.

67. The allegations contained in paragraph "67" of the Complaint set forth legal conclusions for which no response is required.

68. The allegations contained in paragraph "68" of the Complaint set forth legal conclusions for which no response is required.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

69. No response is required to the statement set forth in paragraph "69" of the Complaint.

70. The allegations contained in paragraph "70" of the Complaint set forth legal conclusions for which no response is required.

71. The allegations contained in paragraph "71" of the Complaint set forth legal conclusions for which no response is required.

72. The allegations contained in paragraph "72" of the Complaint set forth legal conclusions for which no response is required.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

73. No response is required to the statement set forth in paragraph "73" of the Complaint.

74. The allegations contained in paragraph "74" of the Complaint set forth legal conclusions for which no response is required.

75. The allegations contained in paragraph "75" of the Complaint set forth legal conclusions for which no response is required.

76. The allegations contained in paragraph "76" of the Complaint set forth legal conclusions for which no response is required.

77. The allegations contained in paragraph "77" of the Complaint set forth legal conclusions for which no response is required.

### FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

78. No response is required to the statement set forth in paragraph "78" of the Complaint.

79. The allegations contained in paragraph "79" of the Complaint set forth legal conclusions for which no response is required.

80. The allegations contained in paragraph "80" of the Complaint set forth legal conclusions for which no response is required.

81. The allegations contained in paragraph "81" of the Complaint set forth legal conclusions for which no response is required.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

82. No response is required to the statement set forth in paragraph "82" of the Complaint.

83. The allegations contained in paragraph "83" of the Complaint set forth legal conclusions for which no response is required.

84. The allegations contained in paragraph "84" of the Complaint set forth legal conclusions for which no response is required.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

85. No response is required to the statement set forth in paragraph "85" of the Complaint.

86. The allegations contained in paragraph "86" of the Complaint set forth legal conclusions for which no response is required.

87. The allegations contained in paragraph "87" of the Complaint set forth legal conclusions for which no response is required.

## SEVENTH CAUSE OF ACTION
## RECOVERY OF EQUIPMENT COSTS

88. No response is required to the statement set forth in paragraph "88" of the Complaint.

89. The allegations contained in paragraph "89" of the Complaint set forth legal conclusions for which no response is required.

90. The allegations contained in paragraph "90" of the Complaint set forth legal conclusions for which no response is required.

## PRAYER FOR RELIEF

91. Defendants deny that Plaintiff is entitled to any relief sought in the "WHEREFORE" clause.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

92. Plaintiff fails to state a claim, in whole or in part, upon which relief may be granted, either on his own behalf or on behalf of those persons who Plaintiff purports to represent, or to whom he purportedly is similarly situated.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

93. Plaintiff's claims, and those of the members of the putative classes whom Plaintiff purports to represent, are barred in whole or in part by applicable statutes of limitation under 29 U.S.C. § 255, and NYLL §§ 198(3), 663(3).

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

94. Plaintiff's claims, and those of the members of the putative classes whom Plaintiff purports to represent, are barred in whole or in part by the equitable doctrines of unclean hands, unjust enrichment, laches, offset and/or set off and/or estoppel.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

95. Plaintiff's claims, and those of the members of the putative classes whom Plaintiff purports to represent, are barred in whole or in part because Plaintiff has not suffered any injury or damage as a result of any actions allegedly taken by Defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

96. Plaintiff's claims, and those of the members of the putative classes whom Plaintiff purports to represent, are barred in whole or in part because the Complaint is uncertain in that the purported class definitions are ambiguous and conclusory.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

97. If Defendants are found to have failed to pay Plaintiff and any putative member of the classes whom Plaintiff purports to represent any wages owed, which Defendants expressly deny, Defendants nevertheless acted at all times on the basis of a good faith and reasonable belief that they had complied fully with all applicable laws and had no actual or constructive notice of any violation. The actions taken or omitted by Defendants were also in good faith conformity with administrative regulations and/or guidance and/or interpretations issued by the U.S. Department of Labor and the New York State Department of Labor.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

98. Plaintiff's claims, and those of the members of the putative classes whom Plaintiff purports to represent, are barred in whole or in part to the extent injunctive and/or other equitable relief is sought, because all have an adequate remedy at law and have suffered no irreparable harm due to any alleged conduct of Defendants. Payment to any Plaintiff for any wages due (which Defendants expressly deny are due) would fully compensate them and make them whole, belying the propriety of any non-economic relief.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

99. To the extent Plaintiff and members of the putative classes whom Plaintiff purports to represent suffered injury, which Defendants expressly deny, subject to proof through discovery, any such injury is the result of acts or omissions of such individuals, and not any act or omission of Defendants.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

100. Plaintiff is not entitled to certification of this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure because the purported class is not ascertainable and also not so numerous that joinder of its members is impracticable, Plaintiff cannot satisfy the requirement of superiority, questions of law or fact are not common to the class, Plaintiff's claims are not typical of the claims or defenses of the purported class, Plaintiff will not fairly and adequately protect the interests of the class, Plaintiff's interest conflict with those of putative class members, and/or the requirements of Fed.R.Civ.Pro. 23(b) are not met in this case.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

101. Plaintiff is not entitled to certification of this action as a collective action pursuant to Section 216(b) of the FLSA because Plaintiff and the purported class members he seeks to represent are not similarly situated to one another, Plaintiff's claims require individualized inquiries, and/or proof of damages would require separate trials.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

102. Plaintiff is an inadequate and atypical representative of the classes Plaintiff purports to represent and their interests are in conflict with those of the individuals Plaintiff seeks to represent.

### AS AND FOR A TELFTH AFFIRMATIVE DEFENSE

103. Plaintiff's claims and those of the members of the putative classes whom Plaintiff purports to represent are barred in whole or in part because they were paid the requisite wages for all work performed and provided the requisite notices and wage statements for work performed.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

104. Plaintiff's claims and those of the members of the putative classes whom Plaintiff purports to represent are barred to the extent they concern hours during which these individuals were engaged in activities that were preliminary or postliminary to their alleged work activities.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

105. Plaintiff's claims and those of the members of the putative classes whom Plaintiff purports to represent are barred in whole or in part to the extent Defendants lacked actual or constructive knowledge of the hours allegedly worked.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

106. Plaintiff's claims and those of the members of the putative classes whom Plaintiff purports to represent are barred in whole or in part to the extent that these individuals have affirmatively released, waived, or abandoned all or some of the claims raised in the Complaint.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

107. Plaintiff's claims and those of the members of the putative classes whom Plaintiff purports to represent are barred, in whole or in part, because: (a) Defendants took reasonable steps to prevent and correct the conduct alleged in the Complaint; (b) Plaintiff unreasonably failed to use the preventative and corrective measures that Defendants provided; and (c) reasonable use of Defendant's procedures would have prevented at least some of the harm that Plaintiff allegedly, suffered, if any.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

108. If Defendant's failure to pay requisite wages, provide notice and wage statements, and maintain records was unlawful, although such is not admitted, none of Defendant's acts or omissions constitute willful violation of the FLSA or NYLL.

**AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE**

109. If Defendant's alleged failure to pay requisite wages, provide notice and wage statements, and maintain records was unlawful, although such is not admitted, neither Plaintiff nor members of the putative classes they seek to represent can demonstrate facts sufficient to warrant an award of liquidated damages.

**AS AND FOR A NINTEENTH AFFIRMATIVE DEFENSE**

110. Any failure to pay wages, provide notice and wage statements or maintain records required by the FLSA and/or NYLL to Plaintiff or members of the putative classes Plaintiff purports to represent is attributable to a bona fide dispute with respect to their entitlement to payment.

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE**

111. To the extent that Plaintiff, and members of the putative classes whom Plaintiff purports to represent, were paid compensation beyond that to which they were entitled, such additional compensation would satisfy, in whole or in part, any alleged claim for unpaid overtime or other monetary relief.

**AS AND FOR A TWENTY FIRST AFFIRMATIVE DEFENSE**

112. Assuming *arguendo*, Defendants violated any provision of the FLSA and/or New York Labor Law, such violation was not pursuant to a uniform policy or plan.

## AS AND FOR A TWENTY SECOND AFFIRMATIVE DEFENSE

113. Supplemental or other jurisdiction should not be exercised over Plaintiff's New York Labor Law claims.

## RESERVATION OF RIGHTS

114. Defendants reserve the right to raise additional affirmative defenses and to supplement those asserted herein upon discovery of further information and investigation into the Plaintiff's claims.

115. Defendants reserve the right to assert claims against Plaintiff arising out of Plaintiff's acts of theft.

**WHEREFORE**, Defendants demand judgment in their favor:

(a) denying Plaintiff is entitled to the relief for which he prays on behalf of themselves or any other individual or to any other relief.

(b) dismissing the Complaint against Defendants on the merits with prejudice and in its entirety;

(c) awarding Defendants their costs and disbursement, including reasonable attorneys' fees incurred in the action; and

(d) granting Defendants such other and further relief as the Court may deem just and proper.

Dated: January 3, 2022
New York, New York

By:  /s/*Joshua D. Levin-Epstein*
Joshua D. Levin-Epstein, Esq.
60 East 42nd Street, Suite 4700
New York, New York 10165
Telephone: (212) 792-0046
Facsimile: (646) 786-3170
Email: Joshua@levinepstein.com
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 3, 2022, I electronically filed the foregoing Answer with Affirmative Defenses with the Clerk of the District Court using the CM/ECF system, which sent notification to all parties registered to receive notice via that service, including:

>CSM Legal P.C.
>Attn: Catalina Sojo
>60 East 42nd Street, Suite 4510
>New York, New York 10165
>*Attorneys for Plaintiff*

>/s/*Joshua D. Levin-Epstein*
>Joshua D. Levin-Epstein, Esq.